**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 10-663-01** |
| **EMMANUEL MOORE** | : | |

**O R D E R**

AND NOW this _____ day of ________________, 2026, upon consideration of Defendant Emmanuel Moore's *pro se* request for early termination of supervised release, ECF No. 822, and the Government's response in opposition thereto, and after consideration of the factors set forth at Title 18, United States Code, Section 3553(a), it is HEREBY ORDERED that the request is DENIED.

BY THE COURT:

______________________________
HONORABLE JOHN R. PADOVA
Senior Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 10-663-01** |
| **EMMANUEL MOORE** | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant Emmanuel Moore again seeks early termination of supervised release after serving just over half of his 10-year term of supervised release imposed by the Court. Like his prior request, approximately 18 months ago, the defendant offers no reason that he is unduly harmed in any manner by serving the full sentence imposed by the Court. Because the sentence of supervised release was necessary and appropriate, it should not be altered. Thus, his motion should be denied.

## I. BACKGROUND

As detailed in the Government's response in opposition to the defendant's motion prior for early termination of supervised release, ECF No. 808 at 2-4, the defendant was indicted on October 6, 2010, and charged in a four-count Indictment with narcotics offenses, including conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of Title 21, United States Code, § 846. Presentence Investigation Report ("PSR") ¶ 1. On November 3, 2010, a seven-count Superseding Indictment was returned by the grand jury which added additional counts and additional defendants. PSR ¶ 2. On December 15, 2010, a twenty-seven-count Second Superseding Indictment was returned by the grand jury. PSR ¶ 3. On October 4, 2011, the United States Attorney's Office filed an Information Charging Prior Felony Drug Convictions, pursuant

to 21 U.S.C. § 851(a). PSR ¶ 4. On October 19, 2011, the defendant pleaded guilty to counts one through five of the Second Superseding Indictment which charged him with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count One); attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count Two); unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b) (Counts Three and Four), and conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base (Count Five).

The defendant was an organizer and leader of the charged drug trafficking, PSR ¶ 50, and even continued to lead the drug trafficking organization from prison while in state custody on attempted murder charges. PSR ¶ 43. He was personally responsible for distributing 150 kilograms of cocaine. PSR ¶ 50. On October 2, 2012, the defendant was sentenced to 163 months imprisonment, 10 years' supervised release, a $100 fine, and a $500 special assessment.

The defendant, as this Court is aware, committed serious drug trafficking crimes for almost a decade, even while in state custody on attempted murder charges. He was sentenced to a 163-month term of imprisonment followed by a ten-year term of supervised release. That term of supervised release began on June 14, 2021, and is not set to expire until June 13, 2031. On November 1, 2024, the defendant moved for early termination of supervised release. ECF No. 802. On January 23, 2025, this Court denied the defendant's motion. ECF No. 810.

The defendant again seeks termination of his supervised release. ECF No. 822. And again, the defendant cites his good behavior, stating that he "has completed all terms of supervision and has no current need for programming and treatment" and has "committed no new crimes, and completed the financial obligations of his sentence." ECF No. 822 at 4. While admirable, complying with supervision is expected. As this Court noted in previously considering the §

3553(a) factors, the defendant's crimes are "very serious" and cited that while the defendant has complied with all conditions of supervised release, the defendant "has merely done what is required of him during his term of supervised release." ECF No. 810 at FN1. Indeed, nothing has changed since the defendant's last request but the passage of time.

## II. ARGUMENT

The defendant does not set forth an adequate basis for alteration of this Court's sentence. The applicable statute, 18 U.S.C. § 3583(e), provides district courts with authority to grant early termination of supervised release if, in the discretion of the Court, such relief is appropriate and in the interests of justice. That section provides that:

> [t]he court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

It is the defendant's burden, "as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). It "logically follows that the burden of ultimate persuasion should rest upon the party attempting to adjust the sentence." *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989) (relating to adjustment of offense level at sentencing). In assessing whether the defendant has met that burden, this Court must consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

> (3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);
>
> (4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and
>
> (6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quotation marks omitted). Furthermore, "[d]istrict courts are not required to make specific findings of fact with respect to each of these" specified § 3553(a) "factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (citation omitted).

The Court "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. However, the Third Circuit stated:

> We think that *[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it. . . . That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

*Id.* (citation and quotation marks omitted).

Here, the defendant has articulated no change in circumstances, nor any legitimate basis for his lengthy term of supervised release to terminate when he has served just over half of that

term. The defendant's compliance with the terms of supervised release is merely what is expected. *See, e.g.*, *United States v. Guilliatt,* 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If simple compliance with the terms of the court's supervision were sufficient to justify early termination, "the exception would swallow the rule." *Id. See also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

It bears emphasis that the term of supervised release is an important component of the defendant's sentence. In *Gall v. United States*, 552 U.S. 38, 48 (2007), the Supreme Court explained at length that a term of supervised release is no trifling matter; it is a form of punishment that involves restrictions on liberty. For this reason, habitual post-sentencing alteration of a term of supervised release would defeat the goals of transparency and truth in sentencing that animated the Sentencing Reform Act of 1984, which implemented determinate federal sentencing while also creating the provisions for supervised release. Such a result would, in part, offend the expectations of victims of crime, who heard the sentence imposed only to learn later that the offender does not have to serve the full term.

In seeking early termination for the second time, the defendant again asserts that he has demonstrated good behavior while on supervised release, but again, that is what the law expects. As detailed in the Government's prior response last year, the crimes the defendant pleaded guilty to were incredibly serious. Indeed, the defendant led a cocaine trafficking operation and was personally responsible for distributing 150 kilograms of cocaine and continued in his leadership role even while in state custody on attempted murder charges. Based upon the nature of the crimes

he committed, and his significant criminal history, the defendant was ultimately sentenced to more than a decade in jail to be followed by a decade of supervised release. That sentence was both sufficient and not greater than necessary when imposed. Nothing has changed. Accordingly, supervision by the Probation Office for a ten-year period to assure rehabilitation and compliance with the law is the minimum the law should require. As this is what this Court decided when it imposed sentence, and there is no reason to reconsider that judgment now.

## III. CONCLUSION

For these reasons, the defendant's motion for early termination of supervised release should be denied.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s Daniel Cerone*
Daniel Cerone
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Response in Opposition to Defendant's *Pro Se* Motion for Early Termination of Supervised Release has been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and is available for viewing and download from the ECF system. Additionally, a copy was mailed *via* first-class mail to the following address:

Emmanuel Moore
*Pro Se*
1001 Arborview Blvd.
Unit 1433
Collegeville, PA 19426

*/s Daniel Cerone*
Daniel Cerone
Special Assistant United States Attorney

DATED: August 14, 2026